Collins *v.* Martin et al., Appellants.

Argued November 25, 1930. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*Charles F. C. Arensberg,* of *Patterson, Crawford, Arensberg & Dunn,* with him *J. Howard Devlin* and *Elmer E. Erb,* for appellant.

*Graham C. Woodward,* with him *Luther S. Kauffman,* for appellee.

PER CURIAM, January 5, 1931:

By Act of May 12, 1925, the legislature appropriated to the Roselia Foundling Asylum & Maternity Hospital of the City of Pittsburgh the sum of $35,000 for maintenance. Payment of the appropriation is objected to by plaintiff, in his bill as a taxpayer, on the ground that the statute contravenes section 18 of article III of the Constitution, providing that no appropriation shall be made for charitable, educational or benevolent purposes to any denominational or sectarian institution. The court below entered a decree in favor of plaintiff, and the hospital has appealed.

The lower court found as matters of fact that, although this institution had been established as a nonsectarian asylum and hospital, and the board of trustees "seek to carry out a nonsectarian policy," not discriminating "against any one particular faith or religion, either in the employment of nurses or other employees necessary to conduct the affairs of the institution, or in the acceptance of those who need their services," nevertheless, the testimony disclosed that the president, vicepresident, secretary and a majority of the members of the board of trustees of the institution, the superintendent, and eighteen of the employees, are Roman Catholics; that the board of trustees is self-perpetuating, themselves filling vacancies in their number which may occur; that employees of the institution are engaged and dismissed by the superintendent, a mother superior of the order "Mother Seton Sisters of Charity," of which order eighteen of the employees also are members, wearing the garb of the order when not on actual hospital duty; that the institution is listed in the "Official Catholic Directory" as a Catholic Institution; and that a room is provided in the building for use as a chapel, in which Catholic services are held daily.

The court below might well have further found, as the record clearly indicates, that the institution is efficiently managed and is a charity deserving of state assistance if it were not within the prohibition of the Constitution.

The court below concluded, and so found, that "The Roselia Foundling Asylum & Maternity Hospital of the City of Pittsburgh......was affiliated with a sectarian denomination and......under its governing influence," and enjoined perpetually defendant state officers from paying to and the Roselia Foundling Asylum & Maternity Hospital from receiving or accepting the appropriation, or any part therof, made to it under the Act of May 12, 1925, which was declared in violation of article III, section 18 of the Constitution of Pennsylvania. Following the well settled rule to the

effect that nothing but clear error will warrant setting aside facts found by a chancellor when supported by testimony, and there being supporting evidence in this proceeding of the chancellor's findings as indicated above, the decree of the lower court must be affirmed.

The decree is affirmed, costs to be paid by defendant.