Constitutional Defense League *v.* Waters et al.

St. Franciscus Hospital's Appeal.

Argued May 24, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Arthur H..Hull,* with him *Hazlett, Gannon & Walter,* for appellant.—The hospital is nonsectarian in its operation, control and benefits to the community.

*Graham C. Woodward,* with him *Luther S. Kauffman,* for appellee.—On the testimony taken as a whole the appellant has been shown to be managed by and affiliated with one particular sect or denomination, and the court so found on ample evidence.

A finding of fact by a chancellor, on sufficient evidence, sustained by the court below, has the effect of a verdict of a jury and will not be reversed on appeal in the absence of manifest error: Collins v. Martin, 290 Pa. 388; Collins v. Martin, 302 Pa. 144.

OPINION BY MR. JUSTICE SIMPSON, June 30, 1932:

The single question involved in this case is: Did the court below err in deciding that the charitable appropriation, attempted to be made by the Act of May 3, 1929, to St. Franciscus Hospital of Pittsburgh (named in the statute as St. Francis Hospital), was invalid, because article III, section 18 of our state Constitution

says that "No appropriations......shall be made for charitable......purposes......to any denominational or sectarian institution"? The decree must be affirmed.

Alleging that the act of assembly was unconstitutional for the reason stated, a taxpayer of the State filed a class bill in equity, praying that the auditor general and state treasurer be perpetually enjoined and restrained from drawing a warrant for, or paying any money by virtue of, the statute, and that the hospital be perpetually enjoined and restrained from receiving or accepting the intended appropriation, or any part thereof. Subsequently another taxpayer of the State was given leave to intervene as a party plaintiff.

Answers were filed, evidence was produced by both parties at the trial before all three judges of the court below, who decided (1) that the "hospital is a denominational and sectarian institution," and (2) "is affiliated with and under the domination, control and governing influence of a particular religious sect or denomination." These conclusions were sustained, after argument on the exceptions filed by the hospital, a decree was entered as prayed for, and the hospital now appeals.

In the light of the further findings by the court below that the hospital is efficiently managed and is a worthy charity (both of which conclusions our own study of the evidence confirms), we have carefully read and reread the record, and can reach no other conclusion than that there was ample evidence to sustain the findings quoted. In view of this, the rule is settled that: "A finding of fact by a chancellor on sufficient evidence [when sustained by the court in banc] that a hospital is a sectarian institution, has the effect of a verdict of a jury, and will not be reversed on appeal, in the absence of manifest error:" Collins v. Martin, 290 Pa. 388, 389; Collins v. Martin, 302 Pa. 144. A restatement herein of the evidence upon which the court below bases its ultimate conclusions as above stated, would answer no useful purposes; those especially interested will find its

painstaking analysis thereof in its opinion in 34 Dauphin County Reports, 238.

It is no longer an open question with us that the decree which was entered necessarily resulted from those basic findings, as a reference to our three authorities, herein elsewhere cited, will show. Appellant's principal legal contention, growing out of the additional findings that "patients are received and treated in the hospital without regard to their religious affiliations," that "ministers and rabbis of other denominations are permitted to visit the sick and perform religious rites to them when required," and that some, or even a majority, of the directors, the doctors and the employees do not belong to the sect which has the "domination, control and governing influence" in the hospital, while matters to be considered, are not necessarily controlling. They speak in trumpet tones regarding the charitable nature of appellant, and of the Sisters of the Third Order of St. Francis, who are the controlling influence in its management; but they cannot, in and of themselves, defeat the constitutional provision which "forbids state aid to institutions affiliated with a particular religious sect or denomination, or which are under the control, domination or governing influence of any religious sect or denomination:" Collins v. Kephart, 271 Pa. 428, 433.

The decree of the court below is affirmed and the appeal is dismissed at the cost of appellant.